**Opinion issued December 14, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00657-CR

———————————

**DION ANDRE HAWKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 25th District Court**
**Colorado County, Texas**
**Trial Court Case No. 20-044**

## MEMORANDUM OPINION

Appellant, Dion Andre Hawkins, pleaded guilty to the third-degree felony offense of Possession of Prohibited Substance in a Correctional Facility.[1] In accordance with appellant's plea bargain agreement with the State, the trial court

---

[1]     *See* TEX. PENAL CODE § 38.11.

deferred adjudication of appellant's guilt and placed appellant on community supervision for four years. The State subsequently filed a motion to adjudicate appellant's guilt, alleging that appellant violated the terms of his community supervision. Specifically, the State alleged that appellant failed to complete his required residence at the Judicial District Intermediate Sanction Facility because he was unsuccessfully discharged for noncompliance and behavior issues. Appellant pleaded "true" to the alleged violation. Following a hearing, the trial adjudicated appellant guilty of Possession of Prohibited Substance in a Correctional Facility and sentenced appellant to eight years' imprisonment. This sentence is within the applicable range.[2] Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.

---

[2]    *See* TEX. PENAL CODE § 12.34(a).

*See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response.

We have independently reviewed the entire record in this appeal and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for

discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a). Attorney Kevin Scott Dunn must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.

Justice Goodman, concurring.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).